IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ZAID A M ALYAMANI, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-51-KC |
| § | |
| PAMELA BONDI et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered the case. On January 14, 2026, Zaid A M Alyamani filed a Petition for Writ of Habeas Corpus, ECF No. 3. Alyamani challenged his detention as unreasonably prolonged and asked the Court to order Respondents to immediately release him. *Id.* ¶¶ 18–28; *id.* at 8. The Court ordered Respondents to show cause why the Petition should not be granted. Jan. 15, 2026, Order 5, ECF No. 2.

Respondents now notify the Court that "Petitioner was removed from the United States on February 1, 2026, and is no longer in ICE custody." Status Report 1, ECF No. 14. Thus, Respondents argue, Petitioner's habeas petition "should be dismissed or denied as moot." *Id.*

"[W]here an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot. *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)). Because Alyamani has now been released from immigration custody, albeit through removal from the United States, the Petition is moot. *See Ortez*, 845 F.2d at 575.

Accordingly, the Court **ORDERS** that the Petition is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel, ECF No. 4, is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 2nd day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE